**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV133-1-V
5:05CR9-29-V**

| | |
|---|---|
| ALVIS MOSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed December 4, 2007; Respondent's

Motion for Summary Judgment (Doc. No. 5), filed February 8, 2008; and Petitioner's Reply to

Government's Response to § 2255 Motion (Doc. No. 8), filed March 12, 2008.

After having carefully reviewed the instant Motion to Vacate, Motion for Summary

Judgment, and the Reply, as well as certain other pertinent documents from the Petitioner's criminal

case, and relevant legal precedent, the Court concludes, out of an abundance of caution, that the

Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue

a direct appeal of his conviction and/or sentence in his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2005, Petitioner was one of thirty-four individuals named in a Superceding Bill

of Indictment. Count One of the Superceding Indictment charged Petitioner with conspiracy to

possess with intent to distribute greater than 50 grams of cocaine base, greater than 5 kilograms of cocaine, and greater than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. The Superceding Indictment also charged Petitioner with possession with intent to distribute greater than 500 grams of cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On February 16, 2006, the parties filed an Amended Plea Agreement. On March 1, 2006, Petitioner entered a guilty plea to Count One at his Rule 11 hearing. On December 18, 2006, after granting the Government's Motion for a Downward Departure, this Court sentenced Petitioner to 120 months imprisonment. Petitioner did not appeal his sentence or conviction.

On December 4, 2007, Petitioner timely filed the instant Motion to Vacate alleging, among other things, that he was subjected to ineffective assistance by virtue of trial counsel's failure to consult with him concerning the possibility of a direct appeal.

## II. ANALYSIS

The Petitioner's claim that counsel failed to consult with him regarding an appeal is controlled by the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000). In Roe, the United States Supreme Court held that in the absence of a direct request to appeal, the question of whether counsel's failure to appeal was constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." 528 U.S. at 478. In order to satisfy the constitutional requirement of "consulting," defense counsel must advise the defendant about the advantages and disadvantages of taking an appeal and make a reasonable effort to discover the defendant's wishes. Id. If counsel consults with a defendant, counsel's performance is deficient only if he fails to follow a defendant's express instructions to file an appeal. Id. If counsel has not

consulted with the defendant, a court must then determine if the failure to consult itself constitutes deficient performance. Not every failure to consult results in a constitutionally deficient performance. Id. at 479. Counsel only has a constitutionally imposed duty to consult where there is reason to think that a rational defendant would want to appeal **or** where a defendant has reasonably demonstrated to counsel that he was interested in appealing. Id. at 480. (Emphasis added). The Supreme Court has cautioned that "[w]e expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described, will find, in the majority of cases, that counsel had a duty to consult with the defendant about an appeal." Id. at 481. If a court determines that counsel's performance was deficient for failing to consult, a court must then determine whether counsel's deficient performance prejudiced the defendant. Id. at 481. In order to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

In the instant case, the Petitioner has alleged that although he did not specifically direct his counsel to file an appeal on his behalf, after sentencing he asked counsel "[w]hat about an appeal?" Petitioner alleges that his counsel replied that there was nothing to appeal but that he would come talk to Petitioner about it. According to Petitioner, counsel never followed up with him. Based upon Petitioner's allegations, counsel never fully consulted with him in that he never advised Petitioner of the advantages and disadvantages of an appeal and never made "a reasonable effort to discover [his] wishes." Moreover, based upon Petitioner's inquiry regarding an appeal, it appears that he reasonably demonstrated to counsel that he was interested in appealing. Finally, Petitioner attaches to his Motion to Vacate a pro se Notice of Appeal which he alleges that, because counsel never came to discuss an appeal with him, he mailed to this Court on December 28, 2006. Petitioner asserts in

his response to the Government's Motion for Summary Judgment, that the Notice of Appeal was never filed because it was returned to him as undeliverable in January 2007. In support of this contention, Petitioner attaches a copy of an envelope addressed to this Court; postmarked December 28, 2006; and marked by the post office as not deliverable as addressed. Petitioner's attempt to file a Notice of Appeal, in conjunction with Petitioner's alleged prompt expression of a desire to discuss the option of appealing, supports a finding of prejudice.

Respondent responds to Petitioner's Roe allegation by submitting an affidavit by Petitioner's criminal defense counsel stating that he and Petitioner discussed the possibility of an appeal and that Petitioner indicated that he did not want to file an appeal. A factual dispute thus exists over whether or not Petitioner and his counsel fully consulted and over whether or not Petitioner indicated an interest in appealing. In addition, Respondent questions the validity of the Notice of Appeal submitted by Petitioner.[1]

In accordance with this Court's practice, and out of an abundance of caution, the Court has determined that Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Mosley, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will

---

[1] Respondent obviously had not seen a copy of the envelope mailed to this Court on December 28, 2006, prior to filing the Motion for Summary Judgment.

have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10- day period in order to make it effective.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **GRANTED in part and DENIED in part;**

2. All of Petitioner's claims except for his ineffective assistance of counsel claim based upon his attorney's failure to consult with him regarding an appeal are **DISMISSED WITHOUT PREJUDICE;**

2. That the Petitioner's original Judgment is **VACATED** due to counsel's failure to consult with him regarding an appeal;

3. That the Clerk is directed to prepare a new Judgment for the Petitioner, imposing the same sentence and conditions as were imposed by the original Judgment form;

4. That the Petitioner may appeal from his new Judgment as has been explained in this Order; and

5.  That the Clerk shall send copies of this Order to the Petitioner and to the United States Attorney for the Western District of North Carolina.

Signed: October 23, 2009

Richard L. Voorhees
United States District Judge